UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**DENNIS MURRAY**, individually,
and on behalf of others similarly
situated,

        Plaintiff,

vs.

**IBA PROTON THERAPY, INC.**,

        Defendant.

Case No.

**COLLECTIVE ACTION COMPLAINT**

**JURY DEMAND**

1.  This collective action is brought by Dennis Murray ("Plaintiff" or "Murray"), on behalf of himself and all others similarly situated, by and through his attorneys, JTB LAW GROUP, LLC and SOMMERS SCHWARTZ, P.C., against IBA Proton Therapy, Inc. ("Defendant") to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.  Defendant employs service "engineers" who maintain and service its products.

3.  Although functionally the job duties are the same, the specific job titles of Defendant's service "engineers" include: flying field service engineer, site engineer, customer service engineer, proton therapy service engineer, and other similar positions.

4. Plaintiff and the service "engineers" routinely worked more than forty (40) hours in a workweek, but were not paid an overtime premium for their overtime hours.

5. Instead, Plaintiff and the service "engineers" were paid a salary as compensation for all of the hours they worked.

6. Plaintiff brings this action on behalf of himself and all similarly-situated individuals for violations of the FLSA. The FLSA overtime claim is asserted as an opt-in collective action under the FLSA. *See* 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*

8. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

9. Plaintiff Dennis Murray is an adult resident of Hazel Park, Michigan.

10. Murray is currently employed by Defendant as a customer service

"engineer", and has been employed by the company since approximately March 2016.

11.  Murray currently works on location at one of Defendant's customers in Detroit, MI.

12.  Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Defendant as service engineers within three years of the date this Complaint was filed.  *See* 29 U.S.C. § 255(a).

13.  At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

**Defendant**

14.  Defendant IBA Proton Therapy, Inc. is a Delaware corporation with its principal U.S. place of business located at 2000 Edmund Halley Drive, Suite 210, Reston, Virginia 20191.

15.  Defendant is a global company with its international headquarters in Belgium that operates in three areas relating to healthcare with a focus on oncology: proton therapy, dosimetry, partical accelerators.  Defendant operates throughout the world and is a leader in developing proton therapy: a cutting-edge cancer treatment.  Within the United States, Defendant maintains offices in twelve different states.

Defendant also operates in many more states as it maintains employees at many of its clients to operate and service Defendant's products.

16. Defendant operates in interstate commerce by, among other things, manufacturing and distributing its products to customers in multiple states across the country.

17. Upon information and belief, Defendant's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

## FACTUAL ALLEGATIONS

18. As service engineers, the primary job duties and responsibilities of Plaintiff and the similarly situated individuals consist (or consisted) of work such as installing, repairing, servicing (including providing ongoing customer support), and maintaining equipment manufactured by Defendant.

19. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

20. Defendant was aware, or should have been aware, that Plaintiff and the similarly situated individuals were performing non-exempt work that required payment of overtime compensation.

21. Plaintiff asked Defendant if it would compensate him for overtime hours worked, but his request was rejected.

4

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

23. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

> *All persons who worked as service engineers (also referred to as flying field service engineer, site engineer, customer service engineer, proton therapy service engineer, or other job titles performing similar duties) for IBA Proton Therapy, Inc. at any time from three years prior to the filing of this Complaint through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

24. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

25. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

26. For example, during the workweek ending May 15, 2016, Plaintiff worked more than forty hours. Plaintiff just received his regular salary and did not

5

receive overtime compensation for overtime hours, during the period at issue in this case. Plaintiff often worked between 50 and 80 hours per week during the past three years of his employment with Defendant.

27. Upon information and belief, Defendant did not always maintain accurate records of the hours worked by Plaintiff and the FLSA Collective as required by 29 C.F.R. § 516.2.

28. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay its service engineers overtime compensation. *See* 29 U.S.C. § 255.

29. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous members of the FLSA Collective who have suffered from the Defendant's practice of denying overtime pay to service engineers who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through its records.

30. Defendant is aware that the FLSA applies to their businesses and that they are required to adhere to the FLSA.

31. Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonable, arbitrary, and in bad faith.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(on behalf of Plaintiff and the FLSA Collective)**

32. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

33. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

34. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

35. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective the required overtime compensation.

36. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

37. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to

liquidated damages and attorney's fees and costs incurred in connection with this claim.

38. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

    A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

    B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations of the FLSA were willful;

E. An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. An award of reasonable attorneys' fees and costs;

H. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **JURY DEMAND**

Plaintiff, Dennis Murray, individually and on behalf of all other FLSA Collective, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: February 27, 2018

RESPECTFULLY SUBMITTED,

By: */s/ Charles R. Ash IV*
    Charles R. Ash IV (MI Bar P73877)
    SOMMERS SCHWARTZ, P.C.
    One Towne Square, 17th Floor
    Southfield, MI 48076
    Phone: (248) 355-0300
    crash@sommerspc.com

*Local Counsel*

Jason T. Brown (*Admission Forthcoming*)
Nicholas Conlon (*Admission Forthcoming*)
JTB LAW GROUP, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (877) 561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel*

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE FLSA COLLECTIVE